Dear Executive Director, Johnson
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
May the Oklahoma Pecan Commission lawfully collect fees andother debts, such as those authorized in 2 O.S. 1558 (1981),which become due after the Commission has been terminated bylegislative action pursuant to the sunset review procedures asset forth at 74 O.S. 3905 (1988) et seq.?
¶ 1 The powers and duties of the Oklahoma Pecan Commission (the Commission) were created by the Oklahoma Pecan Producers Act. Title 2 O.S. 1554 (1981) delineates the powers of the Commission and provides:
 The Commission shall have the following powers and duties:
 1. To promote the production and sale of pecans through research, education, promotion and market development;
 2. To employ and compensate such personnel as required to fulfill the purposes of this act;
 3. To incur such expenses and make such contracts as necessary to carry out the provisions of this act;
4. To sue and be sued;
5. To initiate prosecution;
6. To make rules and regulations; and
 7. To exercise such other powers as necessary to carry out the purposes of this act.
 The Commission shall make an annual report of its activities and financial status to the Governor. The Commission shall also make an annual report to the appropriate House of Representatives Committee and Senate Committee and shall make such other reports as such committees may require. All records of the Commission shall be kept for a period of five years.
¶ 2 Title 2 O.S. 1558 (1981) further specifically provides for the assessment of pecan growers by the Commission and that section states:
 There is hereby levied an assessment established by the Commission of not to exceed one-half cent ($0.005) per pound upon all pecans grown and sold in the State of Oklahoma beginning ninety (90) days after the passage and approval of this act. The fee shall be assessed and imposed on the pecan grower at the time of sale or delivery to the first handler and shall be collected and remitted by the first handler to the Commission. Each month's assessment shall be remitted no later than the fifteenth day of the succeeding month. No pecans shall be subject more than once to the assessment imposed by this act.
¶ 3 It should be noted that this provision permits an assessment up to a maximum of one-half cent per pound of pecans grown and sold in the State. It does not compel the Commission to assess growers at the maximum rate. A full reading of the Act indicates that the purpose underlying the authorization of this assessment is that such funds are deemed necessary to promote the production and sale of pecans through "research, education, promotion and market development." See, 2 O.S. 1554(1), 2O.S. 1558, and 2 O.S. 1561 (1981).
¶ 4 However, in this regard, the 1987 Legislature statutorily terminated the Commission effective July 1, 1988, announcing at the same time that its powers, duties and functions would be abolished one year after that date. 74 O.S. 3907(11) (1987). You ask if the Commission has authority during that one-year time frame to continue to collect fees and other debts under 2 O.S.1558's terms.
¶ 5 Title 74 O.S. 3909 (1988) provides a statutory procedure allowing a one-year period for the Commission to cease its affairs. That statute states in pertinent part:
 Except as otherwise provided by law, any statutory entity listed in 74 O.S. 3903 through 74 O.S. 3908 of this title which is terminated shall have a period of one year after its termination date for the purpose of ceasing its affairs and termination shall not reduce or otherwise limit the powers, duties, or functions of said entity. Upon the expiration for the one-year period, the entity and its personnel positions shall be abolished.
¶ 6 The cardinal rule for construction of a statute or ordinance, to which all other rules are subordinate, is to ascertain the intention of the statute or ordinance as a whole in light of its general purpose and object. Oklahoma Journal Pub.Co. v. City of Oklahoma City, 620 P.2d 452 (Okla.App. 1979).74 O.S. 3909's general purpose and object evidences no intent to unilaterally limit or reduce the powers, duties, or functions of a terminated statutory entity during the one year period of ceasing its affairs. This time delay has a multitude of underlying purposes, one of which is to enable the legislature to reevaluate its decision before the total dissolution of the statutory structure previously authorized. The legislature has recently recreated several agencies previously terminated by it in just such a fashion. Examples include the State Burial Board, the Board of Registration for Foresters and the Polygraph Examiners Board. Compare 74 O.S. 3906(2), 74 O.S. 3906(3),74 O.S. 3906(6) (1986) with 2 O.S. 203, 2 O.S. 1203, 2O.S. 1455 (1987). Attorney General Opinion No. 79-039, reaching a contrary conclusion, is withdrawn.
¶ 7 It may well be that during the one-year termination period the better policy choice would be to lessen the amount of assessments required by the Commission, as permitted by 2 O.S.1558, so as to more closely tailor the revenues received from these assessments to the perceived needs for "research, education, promotion and market development" of pecans, as envisioned by the Act. The degree to which such an option might be considered, however, is an agency determination.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that the Oklahoma Pecan Commission may lawfully collectfees and other debts which become due for a period of one yearafter its termination, as provided by 74 O.S. 3909 (1988) andother applicable sunset review statutes. Attorney General Opin.No. 79-039 is hereby withdrawn.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ROBERT T. RALEY ASSISTANT ATTORNEY GENERAL